**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Embedded Systems, Inc., an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Turbine Powered Technology, LLC, a Louisiana Limited Liability Company,<br><br>　　　　Defendant.<br>_____<br>Turbine Powered Technology, LLC, a Louisiana Limited Liability Company,<br><br>　　　　Counter-Plaintiff,<br><br>vs.<br><br>Tucson Embedded Systems, Inc., an Arizona corporation,<br><br>　　　　Counter-Defendant. | No. CV-14-1868-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff/Counter-Defendant's Motion for Declaratory Judgment or, Alternatively, for Preliminary Injunctive Relief (Doc. 25). Defendant/Counter-Claimant filed its response (Doc. 32) and Plaintiff/Counter-Defendant filed its reply (Doc. 36). Concurrently with its response, Defendant/Counter-Claimant filed a Motion for Partial Summary Judgment (Doc. 33). This motion is not fully briefed and is not before the Court at this time. On September 16, 2014, the Court heard oral argument on

Plaintiff/Counter-Defendant's motion. *See* Minute Entry 9/16/2014 (Doc. 47).

## I. FACTUAL BACKGROUND

This lawsuit arises from an alleged breach of contract. Plaintiff Tucson Embedded Systems, Inc., is an Arizona corporation with its principal place of business in Pima County, Arizona. Compl. (Doc. 1) at ¶ 1. Relevant to this lawsuit, Plaintiff designs, manufactures, installs and monitors custom industrial digital engine control systems ("control systems") used for power generation with gas turbine engines. *Id.* Plaintiff's control systems provide basic control functions for a gas turbine engine, including start, stop and speed control, but also overspeed protection, overtemp protection, and other safety functions vital to a gas turbine, which operate automatically and faster than human beings can respond. *Id.* Certain aspects of Plaintiff's control systems are proprietary to Plaintiff and maintained as trade secrets. *Id.* Certain software used in Plaintiff's control systems is protected by federal copyright laws. *Id.*

Defendant Turbine Powered Technology, LLC is a Louisiana limited liability corporation with its principal place of business in Franklin, Louisiana. Compl. (Doc. 1) at ¶ 2. Relevant to this lawsuit, Defendant sells gas turbine engines, at least some of which require control systems like those provided by Plaintiff to operate. *Id.*

Plaintiff's Complaint (Doc. 1) alleges claims for breach of contract, unjust enrichment, declaratory judgment, intentional interference with Plaintiff's business expectancy, copyright infringement and unfair competition, and misappropriation of trade secrets. Defendant has counterclaimed alleging claims for breach of contract, breach of covenant of good faith and fair dealing, breach of implied warranties, violation of Arizona Trade Secret Statute, and Unjust Enrichment. *See* Def.'s Answer & Counterclaim (Doc. 11). This Court has diversity jurisdiction of this matter. *See* 28 U.S.C. § 1332.

There is a dispute regarding which document encompasses the contract at issue. The Plaintiff/Counter-Defendant claims that the contract includes an October 4, 2013 e-mail which includes its standard terms and conditions regarding payment and delivery. Most

importantly, these terms and conditions purport to give Plaintiff/Counter-Defendant a security interest in the control systems until they are paid in full. Defendant/Counter-Claimant disputes that the terms and conditions are part of the contract, and therefore deny that Plaintiff/Counter-Defendant is entitled to any such security interest. Plaintiff/Counter-Defendant's motion seeks declaratory judgment giving them the immediate right to possession of all twenty-four (24) control systems including related software and material. This demand would require Defendant/Counter-Claimant to immediately cease using all of the control systems and surrender them to Plaintiff/Counter-Defendant.[1] Alternatively, Plaintiff/Counter-Defendant seeks a preliminary injunction to enjoin Defendant/Counter-Claimant from using or accessing or allowing any third party to use or access any of Plaintiff's twenty-four (24) control systems, or related software and materials, pending final judgment in this case.

## II. ANALYSIS

### A. Declaratory Judgment

Plaintiff relies on Arizona state law to request this Court for declaratory relief in the return of the 24 units sold to Defendant.[2] The *Erie* Doctrine directs federal courts sitting in diversity that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). "The broad command of *Erie* was therefore identical to that of the Enabling Act: federal courts [sitting in diversity] are to apply

---

[1] At the time of the hearing, Defendant/Counter-Claimant had returned twelve (12) unused "orange boxes" to Plaintiff. There is some confusion amongst the parties as to whether the "orange box" is an entire Industrial Digital Engine Controller ("IDEC") unit. Plaintiff/Counter-Defendant emphatically urges that it does not; however, for the purposes of the current motion, the Court does not make any findings regarding this issue.

[2] Although Plaintiff quotes the federal statute for the language of the Declaratory Judgment Act, it relies wholly on Arizona law for what it must show to obtain a declaratory judgment.

1  state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465, 85
2  S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965). The Supreme Court of the United States has "long
3  considered 'the operation of the Declaratory Judgment Act' to be only 'procedural,' . . .
4  leaving 'substantive rights unchanged[.]'" *Meditronic, Inc. v. Mirowski Family Ventures,*
5  *LLC*, – U.S. –, 134 S.Ct. 843, 849, 187 L.Ed.2d 703 (2014) (citations omitted).

The Declaratory Judgement Act ("the Act") provides as follows:

> In a case of actual controversy within its jurisdiction [exceptions omitted] . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "The Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (*quoting Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581-82, 7 L.Ed.2d 604 (1962)).

The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. "As a result, 'the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions.'" *Kam-Ko Bio-Pharm Trading Co., Ltd. – Australia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009). The Ninth Circuit Court went on to explicitly state that:

> a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment. Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules. The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment.

*Kam-Ko*, 560 F.3d at 943 (emphasis in original) (quoting *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995)). Accordingly, Plaintiff's motion for declaratory judgment is improper and will be denied. The Court shall consider the motion as one for a preliminary injunction.

- 4 -

### *B. Preliminary Injunction*

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and likely irreparable injury. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867, 138 L.Ed.2d 162 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005); *Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984); Fed. R. Civ. P. 65. To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L.Ed.2d 249 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F.Supp.2d 1016, 1027 (E.D. Cal. 2000).

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."). The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). There is also heightened scrutiny where the injunction would provide substantially all the relief the movant may recover after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955 (9th Cir. 2001).

The parties dispute centers on what the contract terms actually were, and both sides admitted that this issue was not before the Court at the time of the hearing on the instant motion. Rather, it will be decided through summary judgment, the motions for which are not

yet ripe. This dispute is central to Plaintiff/Counter-Defendant's claim and without a decision as to what the terms of the contract are, it cannot show a likelihood of success on the merits. Because Plaintiff/Counter-Defendant cannot meet the first prong of the test for a preliminary injunction, the Court declines further analysis and will deny the motion.

## III.    CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff/Counter-Defendant's motion for Declaratory Judgment is improper, and it has not met its burden to show a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant's Motion for Declaratory Judgment or, Alternatively, for Preliminary Injunctive Relief (Doc. 25) is DENIED.

DATED this 19th day of September, 2014.

_____
Bruce G. Macdonald
United States Magistrate Judge